UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER KIRK ELLEDGE,

      Petitioner,                           Case No. 21-cv-11122
                                                   Hon. Matthew F. Leitman

v.

ERICA HUSS,

      Respondent.

_____/

## ORDER DIRECTING PETITIONER TO CLARIFY STATUS OF UNEXHAUSTED HABEAS CLAIM

Petitioner Christopher Kirk Elledge is a state inmate in the custody of the Michigan Department of Corrections. On May 7, 2021, Elledge filed a *pro se* petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1; Am. Pet., ECF No. 4.) In the petition, Elledge seeks relief from his convictions of two counts of first-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court. (*See id.*) The claims raised in the petition are difficult to follow, but it appears undisputed that in one of those claims, Elledge asserts that the state district court violated his constitutional rights when it bound him over for trial without probable cause. (*See*, *e.g.*, Pet., ECF No. 1, PageID.2, 22.)

1

On December 7, 2021, Respondent moved to dismiss the petition. (*See* Mot., ECF No. 14.) Respondent argues that Elledge has failed to exhaust his bindover claim in state court, and, as such, his petition contains both exhausted and exhausted claims. (*See id.*) Respondent says that when a court is confronted with such a "mixed" petition, the Court must dismiss it. (*Id.*)

Elledge filed a response to Respondent's motion on January 4, 2022. (*See* Resp., ECF No. 16.) In the response, Eldridge appears to concede that his bindover claim is unexhausted, and he appears to ask the Court to dismiss that claim "without prejudice." (*Id.*, PageID.1055.) Before the Court does so, it wants to ensure that Elledge fully understands the consequences of such a dismissal. While Elledge asks the Court to dismiss his unexhausted claim "without prejudice," he needs to understand that if the Court dismisses that claim without prejudice, Elledge will likely be barred from bringing it again in the future for a variety of reasons. In other words, Elledge cannot reserve the right to bring the claim again in the future by seeking to dismiss it without prejudice.

The Court therefore **DIRECTS** Elledge to clarify, in writing, what action he wishes the Court to take with respect to his petition. By no later than **July 1, 2022**, Elledge shall inform the Court whether he would like the Court to (1) dismiss his unexhausted bindover claim without prejudice (with the full understanding that he

2

may not be able to raise that claim again after it is dismissed) or (2) hold this action in abeyance so that he may return to the state courts and attempt to exhaust his bindover claim. If Elledge does not respond to this order by selecting one of the two options identified above, the Court may dismiss his petition and/or rule only on his currently exhausted claim(s).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126