UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER KIRK ELLEDGE,

        Petitioner,                        Case No. 21-cv-11122
                                               Hon. Matthew F. Leitman
v.

ERICA HUSS,

        Respondent.

_____/

**ORDER (1) HOLDING IN ABEYANCE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 4), (2) TERMINATING RESPONDENT'S MOTION TO DISMISS AS MOOT (ECF No. 14), (3) TERMINATING PETITIONER'S MOTION AS MOOT (ECF No. 16); AND (4) ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Christopher Kirk Elledge is a state inmate in the custody of the Michigan Department of Corrections. On May 7, 2021, Elledge filed a *pro se* petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1; Am. Pet., ECF No. 4.) In the petition, Elledge seeks relief from his convictions of two counts of first-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court. (*See id.*) The claims raised in the petition are difficult to follow, but it appears undisputed that in one of those claims, Elledge asserts that the state district court violated his constitutional rights when it bound him over for trial without probable cause (the "Bindover Claim"). (*See*, *e.g.*, Pet., ECF No. 1, PageID.2, 22.)

1

On December 7, 2021, Respondent moved to dismiss the petition. (*See* Mot. to Dismiss, ECF No. 14.) Respondent argued that Elledge had failed to exhaust the Bindover Claim in state court, and, as such, his petition contained both exhausted and exhausted claims. (*See id.*) Respondent said that when a court is confronted with such a "mixed" petition, the Court must dismiss it. (*Id.*)

Elledge filed a response to Respondent's motion on January 4, 2022. (*See* Resp., ECF No. 16.) In that response, Eldridge appeared to concede that the Bindover Claim was unexhausted, and he appeared to ask the Court to dismiss that claim "without prejudice." (*Id.*, PageID.1055.) The Court then ordered Elledge to clarify his intentions and inform the Court if he wished to either have the Court (1) dismiss the Bindover Claim (with the full understanding that he may not be able to raise that claim again after it was dismissed) or (2) hold this action in abeyance so that he may return to the state courts and attempt to exhaust the Bindover Claim. (*See* Order, ECF No. 17.) Elledge has since informed the Court that he wishes to have the petition held in abeyance so that he can attempt to exhaust the Bindover Claim in state court. (*See* ECF Nos. 18, 19.)

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. §§ 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Walker v. Martin*, 562 U.S. 307, 315 (2011). However, the dismissal of a pending habeas

2

petition while a petitioner pursues state remedies for unexhausted claims could result in the subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court believes that such a stay is appropriate here while Elledge attempts to exhaust the Bindover Claim in state court. Accordingly, the Court **STAYS** all proceedings in this action. This stay is conditioned upon Elledge exhausting the Bindover Claim to the state courts by filing a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Elledge's motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.*

The stay is further conditioned on Elledge's return to this Court with a motion to re-open the case, using the same caption and case number included at the top of this order, within **ninety (90) days** of exhausting his state court remedies. If Elledge fails to comply with any of the conditions described in this order, the Court may dismiss his petition and/or rule only on his currently exhausted claim(s). *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (concluding that the district

court's dismissal of a habeas petition was appropriate because the petitioner failed to comply with the conditions of the district court's stay).

The Court notes that it is aware that Elledge already filed one post-conviction motion for relief from judgment in the state trial court. Under Michigan Court Rule 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F.Supp.2d 798, 800 (E.D. Mich. 1999) (citing *People v. Ambrose*, 587 N.W.2d 282 (Mich. 1998)). However, Michigan Court Rule 6.502(G)(2) provides that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *See Banks,* 149 F. App'x at 418; *Hudson,* 68 F.Supp.2d at 800-01. In addition, although not specifically mentioned in Michigan Court Rule 6.502(G)(2), jurisdictional defects can be pursued in a successive motion for relief from judgment because such defects can be raised at any time. *See People v. Washington*, 972 N.W.2d 767, 779 (Mich. 2021), *reh'g denied*, 964 N.W.2d 36 (Mich. 2021).

Here, Elledge appears to allege that the state circuit court lacked jurisdiction over his case because insufficient evidence was presented at the preliminary examination to bind him over for trial. Thus, this Court "should exercise caution in

finding that" Michigan Court Rule 6.502(G) would bar Elledge from presenting the Bindover Claim to the Michigan courts. *Banks,* 149 F. App'x at 418. "Because it is at least debatable whether the Michigan courts would entertain this claim on a second or successive motion for state postconviction relief," the Court will stay this action despite Elledge's previous motion for relief from judgment.

Because the Court is allowing Elledge to exhaust the Bindover Claim in state court, it will **TERMINATE AS MOOT** Respondent's motion to dismiss (ECF No. 14). Likewise, it will **TERMINATE AS MOOT** Elledge's motion related to the Bindover Claim (ECF No. 16.) Finally, the Clerk of the Court is **DIRECTED** to close this case for administrative purposes only. On receipt of Elledge's motion to amend his petition and re-open this case, the Court will order the Clerk to re-open this case for statistical purposes. Nothing in this Order or the related docket entry shall be construed as an adjudication of Elledge's current claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002) (closing a habeas case containing exhausted and unexhausted claims to avoid administrative difficulties and stating that "[n]othing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter").

**IT IS SO ORDERED.**

Dated: June 27, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

5

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 27, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

Case 2:21-cv-11122-MFL-APP ECF No. 21, PageID.1074 Filed 06/27/22 Page 6 of 6